# Exhibit A

COMMONWEALTH OF MASSACHUSETTS

NORFOLK SS.                                              SUPERIOR COURT
                                                        CIVIL ACTION NO.

————————————————————— )
                             )
KEVIN CONNOLLY,              )
Plaintiff,                   )
                             )
                             )
v.                           )          **JURY DEMANDED**
                             )
P & D Management             )
d/b/a McDonald's of Walpole  )
Defendants.                  )
————————————————————— )

## COMPLAINT

### I.   INTRODUCTION

1.      Plaintiff Kevin Connolly ("Mr. Connolly") brings this case against
Defendants because of their unlawful wage payment practices at McDonald's of
Walpole ("McDonald's") a restaurant owned by P&D Management ("P&D"), and
located in Walpole, Massachusetts.  McDonald's and P&D (collectively "Defendants")
have engaged in violations of the Massachusetts Wage Act, the Massachusetts
Minimum Wage Act, and the federal Fair Labor Standards Act ("FLSA") by failing to
pay Mr. Connolly for the hours he worked, by failing to pay Mr. Connolly at least
minimum wage for all hours worked, and by failing to pay Mr. Connolly at all (either at
straight time wages or at time-and-a-half) for his overtime hours (hours greater than 40
in a week).

2.      Mr. Connolly seeks recovery for his unpaid wages, unpaid minimum wages, and unpaid overtime wages and premiums for his hours greater than 40 per week.  Mr. Connolly also seeks statutory trebling of damages and/or other multiple damages available under state and federal law, interest, attorneys' fees, and costs, and any other relief that this Court deems proper.

## II.      PARTIES

3.      Mr. Connolly is a resident of Walpole, Massachusetts in Norfolk County.

4.      McDonald's is a restaurant located at 595 Main St. Walpole, MA 02108 located in Norfolk County. McDonald's employed Mr. Connolly from approximately March, 2015 until May, 2017.

5.      P & D is a Massachusetts company registered at 128 Union St. Ste#504, New Bedford, MA 02740 located in Bristol County. P & D owns and operates the McDonald's of Walpole restaurant.

## III.      JURISDICTION AND VENUE

6.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because the case involves a federal claim.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district, where the Plaintiff performed work for Defendants at P & D Management's restaurant located in Norfolk County.

## IV.      FACTS

8.     While employed at McDonald's, Mr. Connolly regularly worked long hours. Mr. Connolly was required to work longer hours than scheduled because he could not complete the assigned duties within the scheduled shift.

9.     In March 2015, Mr. Connolly started his employment with McDonald's. Soon after Mr. Connolly realized that he could not complete his assigned duties within a scheduled shift and began to work through his thirty (30) minute break.

10.     In, approximately, September 2015 McDonald's promoted Mr. Connolly to shift manager. As shift manager, Mr. Connolly became responsible for garbage removal, general clean-up, depositing cash from the prior day's shift, ensuring the register had the appropriate amount of change, and ensuring that the milkshake machine was cleaned regularly, along with various other duties.

11.     These tasks could not be completed by Mr. Connolly, or anyone else, within the scheduled thirty-seven (37) hours per week. To complete these tasks Mr. Connolly began to start his shift, on average, ninety (90) minutes earlier and ended, on average, ninety (90) minutes later than scheduled and he continued to work through his break.  Mr. Connolly was not paid for this work.

12.     Also, every other Friday evening, around midnight, Mr. Connolly came to the McDonald's to clean the milkshake machine. He would spend not less than five (5) hours working to complete this task often working until the morning shift began. If the morning shift required assistance, Mr. Connolly worked longer to assist them with the morning duties. Mr. Connolly was not paid for this work.

13.     Mr. Connolly worked more than forty (40) hours per week to complete the work McDonald's assigned to him. The store manager was aware of the work Mr. Connolly completed without pay, described above. However, the Defendants did not pay Mr. Connolly for any hours he worked outside of his scheduled thirty-seven (37) hours, when he should have received both the promised rate of pay as well as overtime premiums (time-and-a-half) for hours greater than forty (40).

14.     Defendants' failure to pay Mr. Connolly full wages for all hours worked and overtime premiums for hours worked in excess of forty per week constitutes a willful violation of state and federal laws.

15.     Also, Defendants have been unjustly enriched to the detriment of Plaintiff by not paying Plaintiff for all hours worked.  Mr. Connolly performed work for Defendants that conferred a measurable benefit on them, Mr. Connolly was reasonable in his expectation that Defendants pay him the wages that they promised him, and Defendants were well aware of Mr. Connolly's expectations.  To allow Defendants to profit from their failure to pay Mr. Connolly for work he actually performed would be inequitable.

## V.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

16.     Pursuant to the state law requirements as set forth in Massachusetts General Law Chapter 149 § 150, Mr. Connolly filed his statutory claim with the Office of the Attorney General on October 18, 2018, and he has received a right-to-sue letter in order to proceed on these claims in court.

4

17.    Pursuant to 29 U.S.C. § 216(b), Plaintiff consents to sue as a plaintiff under the Fair Labor Standards Act.  His consent to sue form is attached to this complaint as Exhibit A.

## COUNT I

### UNPAID WAGES

Defendants' failure to pay Plaintiff the wages he earned and to which he is entitled under state and federal law, as set forth above, violates M.G.L. c. 149 § 148. This claim is brought pursuant to M.G.L. c. 149 § 150.

## COUNT II

### UNPAID MINIMUM WAGES

Defendants' failure to pay Plaintiff minimum wages for all hours worked, as set forth above, violates M.G.L. c. 151 § 1, *et seq.* This claim is brought pursuant to M.G.L. c. 151 § 20.

## COUNT III

### OVERTIME VIOLATIONS

Defendants' failure to pay Plaintiff time-and-a-half for all hours worked greater than 40 hours, as set forth above, violates the FLSA, 29 U.S.C. § 201, *et seq.*  This claim is brought pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all of his claims.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

5

1.      An award of damages for all minimum wages, overtime, and other unpaid wages that are due to Plaintiff under Massachusetts law and the FLSA;

2.      Statutory trebling of damages under Massachusetts law and/or all other multiple damages available to Plaintiff under state and federal law;

3.      A finding that Defendants' violation of the FLSA was willful;

4.      Attorneys' fees and costs;

5.      Pre- and post-judgment interest; and

6.      Any other relief to which the Plaintiff may be entitled.

Respectfully submitted,

KEVIN CONNOLLY,

By his attorneys,

Chetan Tiwari, BBO #629192
TIWARI LAW
P.O. Box. 190878
Roxbury, MA 02119
(617) 652-0650
www.tiwarilaw.com
Email: ctiwari@tiwarilaw.com

/s/ Hillary Schwab
Hillary Schwab, BBO #666029
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3260
www.fairworklaw.com
Email: hillary@fairworklaw.com,
rachel@fairworklaw.com

Dated:        December 24, 2018

6

Dated:          December 24, 2018