UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN CONNOLLY,<br><br>    Plaintiff,<br><br>v.<br><br>P & D MANAGEMENT GROUP LLC, d/b/a/ McDonald's of Walpole,<br><br>    Defendant. | Civil Action No.<br>1:19-cv-10518-ADB |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**

Plaintiff Kevin Connolly and Defendant P & D Management Group LLC, by and through their undersigned counsel, respectfully move the Court for an order approving their proposed resolution of this action.  In support, the Parties state:

1. Connolly filed this case in Massachusetts Superior Court, alleging that Defendant had violated the Massachusetts wage laws and the FLSA by failing to pay him all wages owed to him (including overtime wages), specifically for failing to pay him for work done during breaks and before and after his scheduled shifts.  Defendant removed the case to this Court on March 19, 2019.  On May 24, 2019, Plaintiff filed an Amended Complaint correcting the name of the corporate entity defendant.

2. Defendant denies the allegations in Plaintiff's Amended Complaint and asserts that it has paid Connolly all wages owed to him.

3. Defendant produced records to Plaintiff's counsel from which they could calculate damages allegedly owed to Connolly.

4. The parties have engaged in good faith, arms-length negotiations since March 2019 to resolve this matter, including numerous letters and telephone conferences.

5. There are bona fide disputes in this action regarding Connolly's entitlement to additional wages and the amounts of additional wages owed.  Without conceding any claims or defenses, the Parties acknowledge that there is risk to both Parties in proceeding with further litigation, because of factual and legal disputes regarding whether Connolly performed work off the clock, whether Defendant knew or should have known about that work, and the amount of off-the-clock work performed.

6. Accordingly, there are bona fide disputes as to as the damages or other relief, if any, which the Connolly might recover in this case.

7. Following negotiations, the Parties have agreed to resolve this matter for an amount that is approximately 1.5 times his single damages for unpaid wages, as calculated by Plaintiff's counsel.[1]

8. The settlement amount to which the parties have agreed is based upon Plaintiff's counsel's independent review of payroll and time documents and calculation of the potential damages available to Connolly.

9. The parties submit that the proposed resolution is fair and reasonable to Connolly, considering the potential expense and likely duration of this litigation and potential risks of proceedings and the range of potential recovery as compared with the amount of the settlement.

10. The parties' proposed resolution was negotiated at arm's length, with both parties being represented by competent, experienced counsel, and reflects the parties' good faith intent and agreement that Connolly's claims be fully and finally resolved, not to be relitigated in whole or in part at any point in the future.

---

[1] The parties request that they be able to report on the precise amount of the settlement and/or submit the parties' settlement agreement for review by the Court *in camera*.  See Singleton v. AT&T Mobility Services, LLC, 146 F. Supp. 3d 258, 260 (D, Mass. 2015) (Burroughs, J.) (approving individual FLSA settlement after *in camera* review of settlement agreement).

11. Plaintiff's counsel further requests, and Defendant assents, to an additional payment of attorneys' fees and costs.  The amount of the proposed attorneys' fees and costs (which the parties request permission to report to the Court *in camera*) is fair and reasonable given Plaintiff's counsel's experience in this field, the amount of time expended in this matter, and the results achieved on behalf of Connolly.  Specifically, the amount sought by Plaintiff's counsel for attorneys' fees and costs constitutes less than 85% of Plaintiff's counsel's accrued lodestar fees to date.

12. Connolly has agreed to the terms of this settlement.

13. The resolution includes but is not limited to a release of Connolly's claims against Defendant under the FLSA, as well as any and all other wage and hour claims, and the dismissal of this action with prejudice.

14. Except as stated in Paragraph 11, each party will bear his, her or its own attorneys' fees, costs and expenses, and any and all rights of appeal are expressly waived.

15. The Parties respectfully request a hearing on this Joint Motion.

WHEREFORE, Connolly and P & D Management Group LLC jointly move the Court for an order approving their proposed resolution of this matter.  A proposed Order is submitted herewith as Exhibit A.

Respectfully submitted,

KEVIN CONNOLLY,

By his attorneys,

 /s/ Hillary Schwab
Chetan Tiwari, BBO #629192
TIWARI LAW
P.O. Box. 190878
Roxbury, MA 02119
(617) 652-0650
www.tiwarilaw.com
Email: ctiwari@tiwarilaw.com

Hillary Schwab, BBO #666029
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3261
hillary@fairworklaw.com

     and

P & D MANAGEMENT GROUP LLC, d/b/a/
McDonald's of Walpole,

By its attorneys,

/s/ Meghan C. Cooper
Rebecca J. Wilson, BBO# 529980
Meghan C. Cooper, BBO# 681418
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 951-2100
rwilson@peabodyarnold.com
mcooper@peabodyarnold.com

Dated:  October 2, 2019

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served upon the attorneys of record for Defendant by means of the Court's Electronic Case Filing system on October 2, 2019.

                                            /s/ Hillary Schwab
                                            Hillary Schwab